**Michael N. Sofris, Esq., SBN 170018**
**468 North Camden Drive, Suite 200**
**Beverly Hills, California 90210-4507**
**Telephone (310) 229-4505**

**Attorneys for Debtor In Possession**
**LAX Royal Airport Center, LP**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>LAX ROYAL AIRPORT CENTER, LP<br><br><br><br>Debtor. | Case No.: 11-12333-BB<br><br>Chapter 11<br><br>**Memorandum Of Points and Authorities In Support Of Order Authorizing Continued Use of Cash Collateral**<br><br>Hearing Date: June 9, 2011<br>Hearing Time: 11:00 a.m.<br>Courtroom: 1475 |

To this Honorable Court, MSCI 2006-IQ11 West Century Limited Partnership ("MSCI"), the United States Trustee and all other parties in interest:

This Chapter 11 case was commenced by the filing of a voluntary petition on January 19, 2011.

The major asset of this estate is a commercial property commonly known as 5933 West Century Boulevard, Los Angeles, California 90045 (the "Property") located adjacent to the Los

Motion For Order Continuing Use Of Cash Collateral

1

1  Angeles Airport.  The Property is currently used as an office building. As of April 1, 2011, the

2  Property was generating rental income of $125,000.00 per month.

3        On April 14, 2011, the Court entered an order authorizing the Debtor to use Cash

4  Collateral through June 10, 2011.  The ordered the Debtor to file a Motion on or before May 23,

5  2011, if it wanted to continue to use cash collateral after June 9, 2011.

6        By this application the Debtor respectfully requests that the Court extend its current order

7  authorizing the use of cash collateral for an additional ninety (90) days or until the Property is

8  sold at a trustee's sale, whichever occurs first.

9        On April 19, 2011, the Debtor filed its proposed Chapter 11 Plan.

10        On May 4, 2011, the Debtor filed its initial Chapter 11 disclosure statement.  Attached to

11  that disclosure statement is a certified appraisal of the Property valuing the Property at $16.5

12  million.

13        The sole secured lender MSCI has filed a claim in the bankruptcy case asserting that its

14  secured interest in the Property as of April 29, 2011, is $7,913,982.75.

15        Given that an equity cushion exists in the Property of over $8 million, it is unlikely that

16  the MSCI will have to look towards cash collateral to satisfy any of its secured obligations.

17        Notwithstanding the equity that exists in the Property, MSCI has moved the Court for

18  relief from the automatic stay on the grounds that no equity exists in the Property.  The hearing

19  on MSCI's motion is scheduled for May 31, 2011.

20        The Debtor needs access to and continued court approval to use cash collateral to manage

21  and operate the Property pending confirmation of its Chapter 11 plan.

22

23                        II.  AUTHORITIES

24  1.    11 U.S.C. § 363(c)(2)(B) provides that the Court, after notice and a hearing, may

25  authorize use of cash collateral.

26  2.    The often cited case of In re Oak Glen R-Vee, 8 B.R. 213 (Bkrtcy. CD. Ca. 1981) is clear

27

28  _____
                Motion For Order Continuing Use Of Cash Collateral

authority that (1) even in the absence of any consent to use cash collateral the court may grant both retroactive and prospective use of rents under 11 U.S.C. § 363(c)(2) where, as here, the property generating the rents provides the lenders with adequate protection and the rents are used for the benefit of the Property. In the <u>Oak Glen R-Vee</u> case, the debtor operated a recreational vehicle park and filed for Chapter 11 protection on March 5, 1980 and continued to use rents from park tenants to operate. On June 11, 1980 the lender filed a complaint to sequester rents, which the court tried while the debtor continued to operate. The court rendered its decision on January 19, 1981, some six months later and in its decision, at page 216, retroactively authorized the debtor's use of cash collateral, given the value of the lender's collateral:

"Under 11 U.S.C. § 363(c) (2) the court, after notice of and hearing, may authorize use of cash collateral. This court is of the view that. . . . .the debtor should be authorized nunc pro tunc as of June ll, 1980, to use the rents, income, issues and profits from its operation." The court found a non-operating value of the collateral of at least $1,000,000.00 and a debt of approximately $525,000.00.

C.    CONCLUSION

For the reasons set forth, the Court should approve the use of the DIP's rental income from its operation and management of the Property on the same terms and conditions as its Order Authorizing Use of Cash Collateral dated April 14, 2011

/s/ Michael N. Sofris

Dated: May 23, 2011

_____
Michael N. Sofris
Attorneys for Chapter 11 Debtor In
Possession, LAX Royal Airport Center, LP

_____
Motion For Order Continuing Use Of Cash Collateral

3

000003

<u>Declaration of Michael N. Sofris</u>

I, Michael N, Sofris, declare:

1. I am the attorney for Chapter 11 Debtor In Possession, LAX Royal Airport Center, LP.

2. On April 14, 2011, the Court granted the DIP's initial application to use cash collateral. A true and correct copy of the Court's order is attached hereto as Exhibit 1. The DIP's authorization to use cash collateral expires on June 9, 2011, unless the DIP obtains an order continuing the authorization.

3, Attached as Exhibit 2 are copies of the DIP's monthly operating reports for the months of January, February and March 2011 showing how the cash collateral is being used pursuant to the Court's prior authorization.

4. Attached as Exhibit 3 are copies of the DIP's rent rolls for the months of February, March and April 2011 showing the rental income generated by the DIP for those months.

5. Attached as Exhibit 4 is a Certified Appraisal dated April 1 which values the DIP's real property at $16.5 million as of that date.

6. Attached as Exhibit 5 is a written offer to purchase the Property dated May 5, 2011 for $11.2 million.

7. On April 29, 2011, MSCI 2006-IQ11 West Century Limited Partnership filed a secured claim in this Bankruptcy Proceeding for $7,913,982.00 (Claim No. 3).

8. On April 19, 2011, the DIP filed its initial Chapter 11 plan.

9. On May 4, 2011, the DIP filed its Chapter 11 disclosure statement.

10. I am informed and believe that the DIP can and wil confirm its Chapter 11 plan within the next 90 days.

I declare under Penalty of Perjury under the laws of the United States of America that the foregoing is true and correct.

---

Motion For Order Continuing Use Of Cash Collateral

| | |
|---|---|
| 1 | Executed this 23rd day of May, 2011, in Los Angeles, California. |
| 2 | /s/ Michael N. Sofris |
| 3 | _____<br>Michael N. Sofris |
| 4 | |
| ... | |
| 28 | _____<br>Motion For Order Continuing Use Of Cash Collateral |

000005