| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| BRYAN CAVE LLP<br>H. Mark Mersel (SBN 130382)<br>Sheri Kanesaka (SBN 240053)<br>3161 Michelson Drive, Suite 1500<br>Irvine, CA 92612-4414<br>Phone: (949) 223-7000<br>Fax: (949) 223-7100<br>mark.mersel@bryancave.com<br>sheri.kanesaka@bryancave.com<br><br>☐ *Attorney for Movant(s)*<br>☒ *Movant(s) appearing without attorney*  MSCI 2006-IQ11 West Century Limited Partnership | **FILED & ENTERED**<br><br>**JUN 16 2011**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** beauchamp **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - _LOS ANGELES_ DIVISION**

| In re:<br><br>LAX ROYAL AIRPORT CENTER, LP,<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:11-bk-12333-BB<br>CHAPTER: 11 |
|---|---|
| | **ORDER GRANTING IN PART, CONTINUING IN PART, MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: 05/31/2011<br>TIME: 10:00 a.m.<br>COURTROOM: 1475<br>PLACE: 255 E. Temple Street, Los Angeles, CA 90012 |

**MOVANT:** ____MSCI 2006-IQ11 West Century Limited Partnership_____

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property ("Property"):

    *Street Address:*        __5933 West Century Boulevard_____
    *Unit Number:*           _____
    *City, State, Zip Code:* __Los Angeles, California 90045_____

    Legal description or document recording number (including county of recording):
    See attached Exhibit 1

    ☐ See attached page.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                    Page 1                                    **F 4001-1.ORDER.RP**

3. The Motion is granted under: ☐ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☒ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a. ☐ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit ____ to this Order.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant shall not conduct a foreclosure sale before the following date (specify): _____

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:

   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☐ multiple bankruptcy filings affecting the Property.

If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)4(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:

    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.
    b. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.
    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (attach Optional Form F 4001-10-ER).
    d. ☒ See attached continuation page for additional provisions.

DATED: June 16, 2011

_____
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                    Page 2                                    F 4001-1.ORDER.RP

# EXHIBIT 1

Case 2:11-bk-12333-BB    Doc 69    Filed 06/16/11    Entered 06/16/11 10:50:03    Desc
Main Document    Page 3 of 11

# EXHIBIT A

## Legal Description of Property

PARCEL 1-A:

FEE SIMPLE INTEREST IN ALL OF THE BUILDINGS AND IMPROVEMENTS, WHICH ARE AND SHALL REMAIN REAL PROPERTY, PRESENTLY LOCATED ON LOT 2 OF TRACT 29905, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 805, PAGES 13 AND 14 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 1-B:

LEASEHOLD INTEREST IN LOT 2 OF TRACT 29905, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 805, PAGES 13 AND 14 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT ALL OF THE BUILDINGS AND IMPROVEMENTS, WHICH ARE AND SHALL REMAIN REAL PROPERTY, PRESENTLY LOCATED ON SAID LAND.

PARCEL 2:

EASEMENTS FOR THE PURPOSE OF INGRESS, EGRESS, UTILITY AND SEWER LINES, OVER LANDS ADJOINING PARCEL 1-B, AS MORE PARTICULARLY SET FORTH IN DECLARATION OF RECIPROCAL EASEMENTS DATED NOVEMBER 17, 1986, EXECUTED BY AND AMONG OIC AIRPORT CENTER ASSOCIATES, AIRPORT CENTER ASSOCIATES LIMITED PARTNERSHIP, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, GENERAL ELECTRIC CREDIT CORPORATION AND EQUIWAY INC., RECORDED NOVEMBER 19, 1986 AS INSTRUMENT NO. 86-1597756 OFFICIAL RECORDS.

PARCEL 3:

EASEMENT FOR THE PURPOSES OF PARKING FOR THE BENEFIT OF PARCELS 1-A AND 1-B IN 213 UNDESIGNATED PARKING SPACES IN THE PARKING GARAGE BUILDING SITUATED ON LOT 1 OF TRACT 29905, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 805, PAGES 13 AND 14, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AS MORE PARTICULARLY SET FORTH IN THE REVISED COVENANT AND AGREEMENT REGARDING MAINTENANCE OF OFF-STREET PARKING SPACE, DATED NOVEMBER 17, 1986, EXECUTED BY AND AMONG THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, AIRPORT CENTER ASSOCIATES LIMITED PARTNERSHIP, GENERAL ELECTRICAL CREDIT CORPORATION, EQUIWAY, INC., AND OIC AIRPORT CENTER ASSOCIATES AND RECORDED NOVEMBER 19, 1986 AS INSTRUMENT NO. 86-1597759, AND IN THE REVISED DECLARATION OF ALLOCATION OF PARKING SPACES, DATED

b3

NOVEMBER 17, 1986 EXECUTED BY OIC AIRPORT CENTER ASSOCIATES AND RECORDED NOVEMBER 19, 1986 AS INSTRUMENT NO. 86-1597761.

PARCEL 4:

EASEMENT FOR THE PURPOSES OF PARKING FOR THE BENEFIT OF PARCELS 1-A AND 1-B IN 408 UNDESIGNATED PARKING SPACES IN THE PARKING GARAGE BUILDING SITUATED ON PARCEL A OF PARCEL MAP NO. 4075, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, PLUS THE NORTHERLY 14.15 FEET OF PARCEL B PARCEL MAP NO. 4075 AND THE EASTERLY 19.20 FEET OF THE NORTHERLY 23.15 FEET OF PARCEL B PARCEL MAP NO. 4075, AS PER MAP RECORDED IN BOOK 125, PAGES 29 AND 30 OF PARCEL MAPS, AS MORE PARTICULARLY SET FORTH IN THE COVENANT AND AGREEMENT REGARDING MAINTENANCE OF OFF-STREET PARKING SPACE DATED MAY 5, 1982 EXECUTED BY THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES AND RECORDED JUNE 7, 1982 AS INSTRUMENT NO. 82-577729 AND THE REVISED COVENANT AND AGREEMENT REGARDING MAINTENANCE OF OFF-STREET PARKING SPACE, DATED NOVEMBER 17, 1986, EXECUTED BY AND AMONG THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, AIRPORT CENTER ASSOCIATES LIMITED PARTNERSHIP, GENERAL ELECTRIC CREDIT CORPORATION, EQUIWAY, INC., AND OIC AIRPORT CENTER ASSOCIATES AND RECORDED NOVEMBER 19, 1986 AS INSTRUMENT NO. 86-1597759, AND THE REVISED DECLARATION OF ALLOCATION OF PARKING SPACES, DATED NOVEMBER 17, 1986 EXECUTED BY OIC AIRPORT CENTER ASSOCIATES AND RECORDED NOVEMBER 19, 1986 AS INSTRUMENT NO. 86-1597761.

64

## EXHIBIT B

### Description of Ground Lease

Indenture of Lease, dated November 17, 1986, by and between The Prudential Insurance Company of America, as lessor, and UIC Airport Center Associates, as lessee.

Memorandum of Lease, dated November 17, 1986, by and between The Prudential Insurance Company of America, as lessor, and UIC Airport Center Associates, as lessee, recorded on November 19, 1986 in the Official Records of Los Angeles County, California, as Instrument No. 86-1597753.

First Amendment to Indenture of Lease, dated June 18, 1994, by and between KOAR International-Airport Center Investment Partnership and Royal Investment System Partnership (01).

Second Amendment to Indenture of Lease, dated December 6, 1996, by and between KOAR International-Airport Center Investment Partnership and Royal Investment System Partnership (01).

Settlement and Release Agreement, executed in January 1998, by and between KOAR International-Airport Center Investment Partnership and Royal Investment System Partnership (01).

Assignment and Assumption of Ground Lease, dated April 23, 2002, from Royal Investment System Partnership (01) to Royal Airport Center, LLC, Nationwide Airport Center, LLC, and CTOC Airport Center, LLC

Assignment and Assumption of Ground Lease, dated April __, 2005, by and between Royal Airport Center, LLC, Nationwide Airport Center, LLC and CTOC Airport Center, LLC, as assignors, and LAX Royal Airport Center, LP, as assignee (recorded concurrently herewith).

Ground Lessor Estoppel Certificate and Agreement, dated April __, 2005, from KOAR Airport Associates and LAX Royal Airport Center, LP to Morgan Stanley Mortgage Capital Inc.

05  0928235

# ADEQUATE PROTECTION ATTACHMENT

*(This Attachment is the continuation page for Paragraph 7 of the Order on the Motion.)*

The stay shall remain in effect subject to the following terms and conditions:

1. ☐ The Debtor(s) tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor(s) shall make regular monthly payments in the amount of $ 1,055.32 per diem  commencing  June 1, 2011 . The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant hereunder shall be paid to Movant at the following address:

    Wiring instructions to be provided to Debtor's Counsel
    _____
    _____
    _____

3. ☒ The Debtor(s) shall cure the postpetition default computed through  April 19, 2011 through May 31, 2011 (43 days)  in the sum of $ 45,378.76  as follows:

    a. ☐ In equal monthly installments of $ _____ each commencing _____ and continuing thereafter through and including _____.

    b. ☒ By paying the sum of $  45,378.76  on or before  July 13, 2011 ,

    c. ☐ By paying the sum of $ _____ on or before _____,

    d. ☐ By paying the sum of $ _____ on or before _____,

    e. ☐ Other:

4. ☐ The Debtor(s) shall maintain insurance coverage on the property and shall remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ The Debtor(s) shall file a Disclosure Statement and Plan on or before *(specify date):* _____
    Disclosure Statement shall be approved on or before *(specify date):* _____
    The Plan shall be confirmed on or before *(specify date):* _____

6. ☒ Upon any default in the foregoing terms and conditions, Movant shall serve written notice of default to Debtor(s), and any attorney for Debtor(s). If Debtor(s) fails to cure the default within 14 days after service of such written notice, plus 3 additional days unless the written notice of default was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B):

    a. ☐ The stay shall automatically terminate without further notice, hearing or order.
    b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing.
    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with Local Bankruptcy Rules.
    d. ☐ The Movant may move for relief from the stay on regular notice.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*   Page 3   **F 4001-1.ORDER.RP**

7. ☒ Notwithstanding anything contained herein to the contrary, the Debtor(s) shall be entitled to a maximum of  3  (number) notices of default and opportunities to cure pursuant to the preceding paragraph.  Once a Debtor(s) has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant shall be relieved of any obligation to serve additional notices of default and provide additional opportunities to cure.  If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default and providing the Debtor(s) with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the Court may enter without further notice or hearing.

8. ☒ The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor(s).

9. ☒ If Movant obtains relief from stay based on Debtor's(s') defaults hereunder, the order granting that relief shall contain a waiver of the 14-day stay created by FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable non-bankruptcy law.

11. ☒ Other (specify):

Movant's motion with respect to relief under Section 362(d)(2) shall be continued to July 13, 2011, at 2:00 p.m. Movant to give notice.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                                         Page 4                                                         **F 4001-1.ORDER.RP**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3161 Michelson Drive, Suite 1500, Irvine, California 92612-4414

A true and correct copy of the foregoing document described as **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _June 9, 2011_, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
**Via U.S. Mail:**

| | | |
|---|---|---|
| LAX Royal Airport Center, LP<br>5933 W. Century Blvd.<br>Los Angeles, Ca 90045 | KOAR International-Airport Center<br>Investment Partnership<br>C/o Cox Castle & Nicholson<br>2049 Century Park E. Ste 2800<br>Los Angeles, CA 90067 | Wendel Rosen Black & Dean LLP<br>Attn: Mark S. Bostick<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 |

Michael Sofris
468 N Camden Dr Ste 200
Beverly Hills, CA 90210

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __June 9, 2011_, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
**Via Personal Delivery:**
Honorable Sheri Bluebond
255 E. Temple Street, Suite 1482
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 9, 2011 | Gloria Gomez | /s/ *Gloria Gomez* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010 — Page 5 — **F 4001-1.ORDER.RP**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _June 9, 2011__, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

rorlik@coxcastle.com    ustpregion16.la.ecf@usdoj.gov    mbostick@wendel.com
michael@sofris.com    russell.clementson@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

LAX Royal Airport Center, LP
5933 W. Century Blvd.
Los Angeles, Ca 90045

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

**Via U.S. Mail:**

KOAR International-Airport Center                      Wendel Rosen Black & Dean LLP
Investment Partnership                                 Attn: Mark S. Bostick
C/o Cox Castle & Nicholson                             1111 Broadway, 24th Floor
2049 Century Park E. Ste 2800                          Oakland, CA 94607
Los Angeles, CA 90067

☒ Service information continued on attached page

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*    Page 6    **F 4001-1.ORDER.RP**

**VIA U.S. MAIL**

| | | |
|---|---|---|
| Tri-chem Technology, Corp.<br>21520-g Yorba Linda Blvd.<br>Yorba Linda, CA 92887 | AT&T<br>Payment Center<br>Sacramento, CA 95887 | Engineering Services Co.<br>24141 Brookings Court<br>Valencia, CA 91355 |
| Critical Environments, Inc.<br>P.o. Box 12259<br>Newport Beach, CA 92658 | Siemens Industry, Inc.<br>7850 Collections Center Dr.<br>Chicago, IL 60693 | Generator Services Co.<br>10255 Philadelphia Court<br>Rancho Cucamonga, CA 91730 |
| Simon Z. Wang, Cpa<br>10 Rollins Road, Suite 111<br>Millbrae, CA 94030 | City Of La Building & Safety<br>Po Box 514260<br>Los Angeles, CA 90051 | Isc Electronic Systems<br>18115 La Salle Avenue<br>Gardena, CA 90248 |
| Irene Chang<br>13600 Marina Pointe Dr #1003<br>Marina Del Rey, CA 90292 | Cb Richard Ellis<br>111 Huntington Ave., 12th Floor<br>Boston, MA 02199 | City Of Los Angeles - Dept. Of Fire<br>200 N. Main Street, Rm. 1620<br>Los Angeles, CA 90012 |
| Greenline Products, Inc.<br>13249 E. Imperial Hwy<br>Whittier, CA 90605 | Diversified Thermal Services, Inc.<br>1220 North Barsten Way<br>Anaheim, CA 92806 | John Ottinger<br>WEST COAST TENANT ADVISORS, INC.<br>820 Manhattan Ave., Suite 205<br>Manhattan Beach, CA 9026 |
| Colliers International<br>3401 Center Lake Drive, Ste 150<br>Ontario, CA 91761 | Falcon Waterfree<br>11835 West Olympic Blvd.,#1020E<br>Los Angeles, CA 90064 | American Guard Services<br>P.O. Box 80026<br>City Of Industry, CA 91716 |
| American Building Maintenance Co.<br>5200 S. Eastern Avenue<br>Los Angeles, CA 90040 | Susan Chang<br>120 Tobin Clark Drive<br>Hillsborough, Ca 94010 | |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                                             Page 7                                                             **F 4001-1.ORDER.RP**